IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARQUEE OF EMERGING MARKETS, INC., d/b/a MAREMARKS, <br><br> Plaintiff, <br><br> v. <br><br> ADVANSOFT INTERNATIONAL, INC. <br><br> Defendant. | Case No.: 17-cv-4297 |

## COMPLAINT

Plaintiff, MARQUEE OF EMERGING MARKETS, INC. d/b/a MAREMARKS, by and through its undersigned attorneys, as its Complaint ("Complaint") against Defendant, ADVANSOFT INTERNATIONAL, INC., complains as follows:

### I.   PARTIES

1. Plaintiff, MARQUEE OF EMERGING MARKETS INC. d/b/a MAREMARKS ("Maremarks"), is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2328 Babcock Lane, Tracy, California.

2. Defendant, ADVANSOFT INTERNATIONAL, INC. ("Advansoft"), is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 415 W. Golf Road, Suite 55, Arlington Heights, Illinois.

### II.   JURISDICTION AND VENUE

3. The parties are completely diverse in citizenship and the amount in controversy is in excess of $75,000 excluding interest and costs. Jurisdiction is proper pursuant to 28 U.S.C. 1332.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the transactions out of which these causes of action arose occurred, in part, in this District.

### III. FACTS COMMON TO ALL COUNTS

5. Maremarks is a business consulting firm that identifies and employs IT talent, subcontracts said IT talent, who at all times are Maremarks employees, to third parties.

6. Maremarks earns it profit by charging third-parties more for the subcontracted IT talent than it pays.

7. Maremarks adds value for its customers by locating uniquely qualified people around the world and enabling them to work in the United States for third parties such as Advansoft.

8. In this case, Maremarks subcontracted IT talent to Advansoft, who then placed the Maremarks' employee with its client, Tesoro Corporation.

9. At all times relevant to this complaint, Advansoft was performing IT consulting work for its client Tesoro Corporation.

10. On March 30, 2013, Maremarks entered into an employment agreement with Srinivasa Rao Golla ("Golla"). ("Employment Agreement" attached hereto as Exhibit "A" and incorporated herein).

11. Golla is a highly motivated and innovative professional and with eight years of professional experience in the field of information technology consulting. He has played a major role in planning and executing major transitional and transformational changes in organizations with a view to improve profitability, lower costs, improve quality and maximize resource utilizations.

12. Golla has considerable experience in launching new products, expanding new territories, achieve sales targets, conducting campaign training, and coordination with top management.

13. Golla is an IT Analyst, Functional Consultant, SAP Advanced Business Application Programming ("ABAP") Consultant, and a Computer Science Engineer, all in one.

14. Golla has worked on various ABAP/4 & ABAP-HR, ABAP Reports, LDB, ABAP/4 Workbench, Smart Forms, SAP Scripts, ALV, BDC and JAVA programming.

15. ABAP is a high-level programming language developed in the early 1980's by SAP and is primarily used for programming SAP application server. SAP is the world's largest inter-enterprise software company.

16. Golla's was hired by Maremarks after a tedious global talent hunt.

17. After agreeing to hire Golla, Maremarks engaged in the challenging and expensive process of securing a H-1B Visa for him.

18. In order to obtain an H-1B visa for Golla, Maremarks had to demonstrate that Golla possessed unique talents necessary to completed complex work.

19. Golla is one of a tiny handful of individuals in the world possessing his skill set and was immensely valuable to Maremarks because he could be easily placed with many different clients.

20. Golla was Maremarks' best employee who commanded the highest hourly rate for his services of $76.50 per hour thus generating a profit for Maremarks of approximately $33 per hour he worked.

21. On June 8, 2015, Maremarks on one hand and Advansoft on the other entered into a Master Service Agreement ("MSA" attached hereto and incorporated herein as Exhibit "B").

22. The terms of the Agreement are clear. Section 5(c) prohibits soliciting a Maremarks employee which provides in pertinent part:

> "The Subcontractor agrees that it will not solicit employees of Advansoft throughout the project and for a period of one year after the termination of this agreement. **Advansoft agrees that it will not solicit employees of Subcontractor (Maremarks) throughout the project and for a period of one year after the termination of this Agreement**." (Emphasis Added)

23. The project was to last for one year, from January 18, 2016, with likely extension contemplated in the Purchase Order. (Purchase Order for Golla's services attached hereto as Exhibit "C" and incorporated herein").

24. On or about May 1, 2016, just three months into the initial term, Advansoft, in direct violation of the MSA, cut out the H1-B sponsor and actual employer and hired Golla directly.

25. As a direct and proximate result of Advansoft hiring away Golla, Maremarks lost in excess of $450,000 over the life of its contract with Golla of which in excess of $110,000 was lost in the initial purchase order with Maremarks.

26. But for Advansoft's intervention, Golla would still be a Maremarks employee today.

27. The MSA provides in pertinent part:

> "This agreement shall be governed by and in accordance with the laws of the State of Illinois. In all disputes arising hereunder venue shall be exclusively in the Court of Illinois and both Advansoft and the Subcontractor agree to submit to the exclusive personal jurisdiction of these Courts."

**IV. CLAIMS**

**COUNT I**
**(Breach of Written Contract - Against Advansoft)**

28. Maremarks restates and realleges the allegations contained in Paragraphs 1 through 27 of the Complaint as Paragraph 28 of Count I of the Complaint as though fully set forth herein.

29. As alleged in Paragraph 21 above, Maremarks on one hand and Advansoft entered into an MSA. (A true and correct copy of the Agreement is attached hereto as Exhibit "B" and made a part hereof.)

30. As alleged in Paragraph 22 above, the MSA provided that Advansoft was prohibited from directly hiring Golla during the term of the MSA and for one year after his termination.

31. As alleged in Paragraph 24 above, Advansoft hired Golla during the term of the MSA, thus terminating his employment with Maremarks.

32. As a result of the breach of the MSA by Advansoft, Maremarks has been damaged in the amount of its lost profits for the remaining term of the MSA.

33. Maremarks complied with all of his obligations owed to Advansoft under the MSA.

WHEREFORE, Plaintiff, MARQUEE OF EMERGING MARKETS, INC. d/b/a MAREMARKS, respectfully requests that the Court enter judgment against Defendant, ADVANSOFT INTERNATIONAL, INC, in its favor; award it compensatory damages in an amount in excess of $75,000, costs, and grant any and all further relief that the Court deems to be necessary or appropriate under the circumstances.

## COUNT II
### (Tortious Interference - Against Advansoft)

34. Maremarks restates and realleges the allegations contained in Paragraphs 1 through 27 of the Complaint as Paragraph 34 of Count II of the Complaint as though fully set forth herein.

35. As alleged in Paragraph 10 above Maremarks on one hand and Golla entered into an Employment Agreement. (A true and correct copy of the Agreement is attached hereto as Exhibit "A" and made a part hereof.)

36. Advansoft was aware of the contract between Maremarks and Golla and that it intended to continue working with Golla for in excess of six years.

37. Advansoft intentionally interfered with Maremarks' relationship with Golla by offering him direct employment rather than continuing to work through Maremarks pursuant to his Employment Agreement.

38. Through the actions described above by willfully cutting out the middle-man and stealing the profits, Advansoft wrongfully and directly interfered with Maremarks' business relationships and activities with Golla.

39. As a result of Advansoft's interference with Maremarks' prospective economic/financial gain and advantage as alleged herein, Golla terminated his employment with Maremarks and Maremarks lost profits on Golla's placement with Advansoft and future subcontractors similar to those Golla was placed with prior to Advansoft.

WHEREFORE, Plaintiff, MARQUEE OF EMERGING MARKETS, INC. d/b/a MAREMARKS, respectfully requests that the Court enter judgment against Defendant, ADVANSOFT INTERNATIONAL, INC, in its favor; award it compensatory damages and punitive damages in an amount in excess of $75,000, costs, and grant any and all further relief that the Court deems to be necessary or appropriate under the circumstances.

        Respectfully submitted,
**MARQUEE OF EMERGING MARKETS, INC. d/b/a MAREMARKS**
Plaintiff

By:     /s/*Alexander N. Loftus*
        One of Its Attorneys

Alexander Loftus, Esq.
STOLTMANN LAW OFFICES, P.C.
10 S. LaSalle, 35th Floor
Chicago, Illinois 60603
T: 312.332.4200
C: 312.772.5396
alex@stoltlaw.com

Dated: June 7, 2017